FILED

NOT FOR PUBLICATION

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OLEG POGREBNOY,

  Plaintiff - Appellant,

v.

RUSSIAN NEWSPAPER
DISTRIBUTION, INC.; et al.,

  Defendants - Appellees.

No. 11-56264

D.C. No. 2:10-cv-08532-PA-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

  Oleg Pogrebnoy appeals pro se from the district court's summary judgment

in his trademark infringement action related to the "KYPbeP" or "Kurier" mark.

We have jurisdiction under 28 U.S.C. § 1291.  We review for de novo the district

_____

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

court's summary judgment, *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1219-20 (9th Cir. 2008), and for an abuse of discretion its evidentiary rulings, *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002). We reverse and remand.

The district court abused its discretion in sustaining defendants' objection under the best evidence rule to the admission of secondary evidence to establish a continuous chain of title to the Kurier mark because Pogrebnoy sufficiently explained that the transfer agreement at issue was lost, and that an original could not be obtained by any available judicial process. *See* Fed. R. Evid. 1002, 1003, 1004. Defendants' objection based on lack of foundation should also not have been sustained because the proffered secondary evidence consisted of Pogrebnoy's own testimony based on his recollection, and the testimony of signatories and other witnesses with personal knowledge of the transfer at issue. *See* Fed. R. Evid. 602.

Moreover, the district court failed to address alternate theories of standing, including whether Pogrebnoy acquired an ownership interest in the Kurier mark on the basis of an assignment from his wholly-owned company, which had priority of use of the mark over defendants, or whether Pogrebnoy was a nonowner with a cognizable commercial interest in the Kurier mark. *See Halicki Films, LLC*, 547 F.3d at 1225-26 (listing bases for establishing standing in trademark infringement

action, including based on plaintiff's priority of use of the mark and cognizable interest in the mark as a non-owner, and vacating summary judgment based on the district court's failure to address and evaluate the same).

Therefore, we reverse and remand to allow the district court to determine whether Pogrebnoy had standing based on establishing (1) a continuous chain of title to the Kurier mark going back to 1992; (2) ownership of the Kurier mark due to an assignment from a company that had priority of use of the mark; or (3) a cognizable commercial interest in the Kurier mark as a non-owner.

Pogrebnoy's request for reassignment of the action to another district judge is denied. *See Mendez v. County of San Bernardino*, 540 F.3d 1109, 1133 (9th Cir. 2008) (listing factors to be considered in reassigning a case).

**REVERSED and REMANDED.**